IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Edward Fink,                                          Case No. 3:05CV7069

        Plaintiff

      v.                                          ORDER

Elaine L. Chao, Sec'y of Labor,

        Defendant

     This is a challenge to defendant U.S. Department of Labor's (DOL) administrative decision denying plaintiff Edward Fink benefits under the Energy Employees Occupational Illness Compensation Program Act of 2000 (The Act), 42 U.S.C. § 7384 et seq.

     DOL contends that Fink failed to comply with the election of remedies provision of the Act, 42 U.S.C. § 7385d (a), and therefore is ineligible for statutory benefits. Fink argues that he complied with the provision when he dismissed an appeal from an adverse decision of an Ohio trial court in his intentional tort suit against his former employer, Brush Wellman, Inc. In addition, Fink claims DOL treated other similarly situated claimants more favorably, thereby violating his constitutional rights.

     Jurisdiction exists under 28 U.S.C. § 1331. DOL has waived sovereign immunity under the Administrative Procedure Act, 5 U.S.C. § 706(2).

     Pending is DOL's motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

The central issue is whether a plaintiff can dismiss a case after a court has granted summary judgment for the defendant. Because Ohio law clearly states that one cannot dismiss a case after a summary judgment ruling has been journalized, DOL's motion shall be granted.

## Background

Fink worked at Brush Wellman from 1975 to 1978. He subsequently contracted chronic beryllium disease, a fatal lung condition. Fink claims that he contracted the disease as a result of his exposure to beryllium at Brush Wellman. He filed his tort suit against Brush Wellman on July 18, 2000, in the Court of Common Pleas of Cuyahoga County, Ohio.

On July 17, 2003, the Court of Common Pleas granted Brush Wellman's motion for summary judgment. The court's summary judgment order was journalized the next day, July 18, 2003. Fink initially appealed that decision in the state's Eighth District Court of Appeals, but dismissed his appeal on October 8, 2003.

In th meantime, Fink had filed a claim for benefits under the Act on August 1, 2001. Under the Act covered employees who, like Fink, sustained designated illnesses due to their exposure to, *inter alia,* beryllium while working at Department of Energy (DOE) facilities, were entitled to a lump-sum payment of $150,000 and medical benefits. 42 U.S.C. § 7384l(8)(B).

To receive compensation under the Act, a covered employee must comply with the Act's election of remedies requirements. The requirements force individuals to choose between suing the government or their employer in tort or receiving statutory benefits. *See* 42 U.S.C. § 7385d(d) (defining covered tort cases). One who receives compensation under the Act does so in full satisfaction of all claims against the United States or a Department of Energy contractor.  *See* 42 U.S.C.§ 7385b.

2

On February 5, 2004, the district office of the DOL issued a recommended decision stating that Fink was entitled to compensation under the Act. On March 11, 2004, however, the Branch remanded the case to the district office for further development of the record to determine if Fink had complied with the Act's election of remedies requirements.

Different election of remedies requirements apply depending on when a covered employee's tort case was filed. Under § 7385d(a)(1), "if an otherwise eligible individual filed a tort case . . . before October 30, 2000, such individual shall be eligible for compensation and benefits . . ." Section 7385d(a)(2) of the Act also provides, however, that if a covered individual's tort case was pending as of December 28, 2001, the individual had to dismiss the case by December 31, 2003, to be eligible for benefits.[1] The purpose of the election of remedies requirements is to make individuals choose between either pursuing a tort claim or receiving benefits under the statute.

On remand the district office concluded that Fink had not dismissed his tort case, but had instead dismissed his appeal of the order that had granted summary judgment in favor of the employer. On November 23, 2004, the Branch determined that Fink was not entitled to benefits under the Act because he had failed to comply with the statutory precondition that he dismiss his tort suit. Fink subsequently brought this case against DOL. In his suit, Fink claims: 1) by dismissing his appeal, he had dismissed his suit under Ohio law and complied with DOL procedures; and 2) DOL applied the Act incorrectly; 3) other

---

[1]

DOL's Office or Worker Compensation promulgated regulations, 20 C.F.R. §§ 30.616 –618, to implement the election of remedies requirement in § 7385d. The regulation that is relevant here, § 30.616, is largely identical to the statute.

3

similarly situated claimants were given benefits, and that DOL arbitrarily changed its "past precedent" without "reasoned analysis"; and 4) DOL incorrectly applied its own regulations.

## Discussion

In deciding a motion to dismiss for failure to state a claim, I must assume that the factual allegations in Fink's complaint are true. Fed. R. Civ. P. 12(b)(6); *Mixon v. Ohio*, 193 F.3d 389, 399§400 (6th Cir.1999) (stating that the court must "construe the complaint in the light most favorable to plaintiff[s]" and then "determine whether plaintiff[s] undoubtedly can prove no set of facts in support of the claims that would entitle [them to] relief") (quoting *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir.1993)); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

Fink filed his tort suit before October 30, 2000, and his case was still pending as of December 28, 2001. Thus,  42 U.S.C. §7385d(a)(2) applies. The language of that statute, § 7385d(a)(2) and the corresponding regulation, § 30.616, require that Fink have dismissed his tort case by December 31, 2003, to qualify for benefits.[2]

The state trial court dismissed Fink's suit by granting summary judgment in favor of the employer. Fink appealed this ruling; but he voluntarily dismissed his appeal before the statutory cut-off date of December 31, 2003.

---

[2]

Fink argues that another section of the statute applies to his claim. Different parts of the statute apply to claims that were filed at different times. *See, e.g.*, 42 U.S.C. 7385d(b)(1) (describing the eligibility of individuals who filed tort claims between October 30, 2000, and December 28, 2001). These arguments are without merit, however, because it is clear which section of the Act applies based on the date on which Fink filed his case and the fact that it was still pending on December 28, 2001.

DOL contends that dismissal of the appeal did not constitute dismissal of the case under the Act. Fink contends that he satisfied the statute when he dismissed his appeal of the trial court's order dismissing his case on summary judgment.

DOL interprets the Act and the corresponding regulation as defining "dismiss such tort case" under the procedural rules of the tribunal in which the case was filed. According to DOL's understanding of Ohio procedural law, a plaintiff can dismiss a case – even one pending on appeal from a dismissal order – only by having the trial court's summary judgment order vacated by either that court or the court of appeals, and then dismissing the complaint. DOL argues that this court must defer to its interpretations of the Act and corresponding regulation and Ohio procedural law under *Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.* 467 U.S. 837 (1984).

In *Chevron*, the United States Supreme Court established a two-step process to use in reviewing an agency's interpretation of a statute it administers. *Id.* In step one, the reviewing court determines if Congress has spoken to the precise issue in question. *Clark Reg'l Med. Ctr. v. U.S. Dep't of Health & Human Services*, 314 F.3d 241, 244–45 (6th Cir. 2002). If the statute is unambiguous on the issue, then both the court and the agency "must give effect to the unambiguously expressed intent of Congress." *Clark Reg'l Med. Ctr.*, 314 F.3d at 245.

In step two of the *Chevron* doctrine, if the statute is "silent or ambiguous on the specific issue," the reviewing court must defer to the agency's interpretation of the statute, so long as such interpretation is reasonable. *Clark Reg'l Med. Ctr.*, 314 F.3d at 245. A court does not reach the second step of *Chevron* if the statute is clear on the issue at hand. *Id.*

5

The first question is whether the Act and the virtually identical corresponding regulation are ambiguous. Federal courts, not administrative agencies, are the "final authority on issues of statutory construction." *Clark Reg'l Med. Ctr.*, 314 F.3d at 245. Thus, a federal court reviews *de novo* an agency's determination of whether a law is clear or ambiguous. *See Cajun Elec. Power Coop., Inc., v. FERC*, 924 F.2d 1132, 1136 (D.C. Cir. 1991) ("We have always seen the first step [of the *Chevron* doctrine] as one conducted under *de novo* standard. An agency is given no deference at all on the question on whether the statute is ambiguous . . .").[3]

The statute at issue, 42 U.S.C. § 7385d(a)(2), is unambiguous, even though it does not explicitly define what is meant by "dismiss such tort case."[4] Absent some direction from Congress – which the Act does not give – how a case may be dismissed necessarily must be determined by the procedural rules of the particular tribunal.

In Ohio a plaintiff cannot dismiss a case after a court has journalized an order granting summary judgment for the defendant. *See, e.g., Pearce v. Church Mutual Ins. Co.*, 2003 WL 21396657, *4 (Ohio

---

[3]

A different standard of review would apply if I was determining only whether the agency properly interpreted the corresponding regulation in adjudicating this case. In such circumstances, an agency may not promulgate regulations in a manner that is arbitrary and capricious or manifestly contrary to the statute. *Clark Reg'l Med. Ctr.*, 314 F.3d at 245 (citing the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)). A court should uphold an agency's interpretation of its regulation unless "it is plainly erroneous or inconsistent with the regulation." *Id.* (citations omitted). Here, however, I am interpreting the underlying statute.

[4]

I would, furthermore, reach the same conclusion even if §7385d were ambiguous. If § 7385d were ambiguous, I would defer to DOL's reasonable interpretation of the statute and of its own regulations. *Clark Reg'l Med. Ctr.*, 314 F. 3d at 245. It is reasonable to conclude that the particular tribunal's rules of civil procedure should govern whether a plaintiff has dismissed a case.

6

App. June 18, 2003) (holding that plaintiff could not voluntary dismiss her case one day after entry of summary judgment against her); *Cakir v. Cigna Property & Casualty*, 1999 WL 22073, *4-5 (Ohio App. Jan. 22, 1999) (holding that plaintiff could not voluntarily dismiss his suit one day after court granted defendant's summary judgment motion); *Wilson v. Int'l Bhd. of Teamsters*, 1995 WL 392507 (Ohio App. 1995) (holding that a voluntary dismissal before the trial commenced was timely even if filed after plaintiff received an adverse decision if the dismissal was filed before the summary judgment decision was journalized); *Standard Oil Co. v. Grice*, 46 Ohio App. 2d 97 (Ohio App. 1975) (holding that a party may voluntarily dismiss a claim after a court grants a motion for summary judgment to the other side but only if the voluntary dismissal was filed before the court's decision had been journalized).[5]

Ohio law, moreover, recognizes a difference between dismissing an appeal and dismissing a case. Ohio Rule of Appellate Procedure 28 governs dismissals of appeals, stating that an appeal may be dismissed by agreement of the parties or on motion to the court. That merely dismisses the appeal; it does not dismiss the case, even though the effect of dismissing the appeal may be to terminate all further proceedings in the case.

DOL argues that for Fink to have dismissed his suit after the court entered summary judgment against him, he should have "obtained an order of the Court of Appeals vacating the entry of summary judgment or otherwise gotten the Court of Common Pleas' judgment vacated and, once successful in

---

[5]

Note that in federal court a plaintiff cannot dismiss an action without court approval after the defendant serves an answer or files a motion for summary judgment. Fed. R. Civ. P. 41(a). Thus, Ohio law is more liberal than the federal standard.

vacating the judgment, then dismissed the tort suit prior to December 31, 2003." Def.'s Mot. to Dismiss at 15.

That procedure may sound odd and Fink criticizes it, but Fink insisted on litigating his case until the court granted summary judgment in favor of DOL. The need to employ the convoluted procedure above described would not arisen if Fink had dismissed his case before the trial court granted summary judgment.

Fink's arguments that his appeal may have been valid (and, for purposes of this analysis, I have assumed that it was) and somehow continued the existence of his case are irrelevant. He did not dismiss his case; he dismissed his appeal. The time period in which Fink could have dismissed his case in the trial court lapsed when the trial court journalized its dismissal summary judgment order. Once Fink dismissed his appeal, the summary judgment decision became final, making it impossible for him to dismiss his case.

Fink has failed to provide support that counters this procedural circumstance. The Act required Fink to either choose between statutory benefits or attempt recovery through a tort suit against the employer. By pursuing his claim until an adverse summary judgment decision, Fink elected litigation.

As Ohio law dictates that one may not "dismiss" a case after an adverse summary judgment decision has been journalized, the only issue remaining is whether the defendant's application of that law to Fink was "arbitrary, capricious, an abuse of discretion, or otherwise not in accord with law." *Clark Reg'l Med. Ctr.*, 314 F.3d at 245 (citations omitted). Because the defendant correctly determined that Fink had not dismissed his case as required by the statute in accordance with Ohio law, it follows that the decision was not arbitrary or capricious.

Fink also argues that DOL previously granted benefits to similarly situated individuals. DOL's prior actions favoring similarly situated claimants, Fink contends, mandate that it take the same approach and reach the same result in his case.

As already noted, whether Fink dismissed his case in accordance with the Act requires interpretation of Ohio law, not agency policy. An agency's interpretation of the requirements of state law binds neither the agency nor the courts. Thus, a prior "erroneous application of the law in an earlier case" does not require an agency to repeat that mistake because "a decision by an administrative agency in one case does not mandate the same result in every similar case in succeeding years" *Seven Star, Inc. v. United States*, 873 F.2d 225, 227 (9th Cir. 1989).).

If DOL incorrectly interpreted Ohio procedural rules in the past, neither DOL nor I are bound to follow that mistake. How the agency ruled in prior cases involving similarly situated claimants is irrelevant, especially if the previous decisions incorrectly applied the law. Prior DOL decisions regarding benefits under the Act do not establish precedent that DOL or a federal court is obligated to follow. DOL was required to look to Ohio law, not past decisions, to determine whether Fink had dismissed his case in accordance with the Act.

Finally, Fink argues that DOL employees advised him that dismissing his appeal was the equivalent of dismissing his tort case. The fact that DOL employees may have given Fink erroneous advice is irrelevant. There is no equitable estoppel against the government. *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 416 (1990). While the fact that Fink might have received incorrect information makes his situation regrettable, it does not help his claim.

**Conclusion**

9

The Office correctly determined that Fink did not dismiss his case within the time required. He failed to meet the statutory election of remedies requirements, thereby making him ineligible for benefits. As Fink is not entitled to statutory benefits,  his equal protection claim is moot. The fact that DOL may have treated other individuals differently does not, in and of itself, make Fink eligible for compensation. The government does not discriminate against a person by refusing to provide benefits that the individual is not entitled to. Therefore, even assuming that the allegations in Fink's complaint are true, he fails to state a claim upon which relief could be granted.

In light of the foregoing, it is

ORDERED THAT the Secretary's motion to dismiss be, and the same hereby is granted.

So ordered.


s/James G. Carr
James G. Carr
Chief Judge

10